TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MARY M. GRIFFIN (CSB No. 324073)
mgriffin@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Charles E. Moulins (*pro hac vice* forthcoming)
cmoulins@fenwick.com
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
Telephone:     212.430.2600

Attorneys for Defendant
NECTAR BRAND LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA LONGORIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NECTAR BRAND LLC; a California Limited Liability Company; and DOES 1-100,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from Santa Clara County Superior Court, Civil Case No. 23CV426060** |

**COMES NOW** Nectar Brand LLC (hereinafter "Nectar") and its parents and affiliates (identified by Plaintiff as "DOES 1-100"), Defendants in the above-styled action, and within the time prescribed by law, file this Notice of Removal, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and respectfully show the Court the following facts:

NOTICE OF REMOVAL                                                                                                 Case No. _____

**PROCEDURAL BACKGROUND**

1. On November 8, 2023, Plaintiff Cynthia Longoria filed a Putative Class Action Complaint ("Complaint") against Nectar Brand and Does 1-100 in the Superior Court of Santa Clara County, Civil Action No. 23CV426060. Santa Clara County is within the San Jose division of this Court.

2. Nectar Brand was personally served a copy of the Complaint on December 4, 2023.

3. As of this date, no further pleadings have been filed in the action and no proceedings have been conducted in the action.

**GROUNDS FOR REMOVAL**

4. Plaintiff's action is removable based on the presence of jurisdiction under the Class Action Fairness Act ("CAFA"). Removal to this Court by Resident Home and its parents and affiliates is proper pursuant to the provisions of Title 28 of the United States Code Section 1332(d), in that this is a putative class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and at least one class member is a citizen of a state different from one of the defendants. Thus, pursuant to Title 28 of the United States Code Section 1332(d), this Court has original jurisdiction over this matter.

5. Further, this action meets the minimal diversity requirements for removal under CAFA.

6. Plaintiff alleges that she is a resident and citizen of Santa Clara County, CA. ¶¶ 20-21.

7. The Nectarsleep.com website, which is the website Plaintiff visited and which she references in her Complaint, identifies Resident Home LLC as the entity that operates Nectarsleep.com and the Nectar Brand. *See* Declaration of Maria Testani, ("Testani Decl."), ¶ 2. By using the Nectar-branded website and allegedly making purchases from it, Plaintiff also agreed to the Terms of Use with Resident Home LLC as her counterparty. *See id.* Any purchase was thus from Resident Home LLC. *See id.*

8. Additionally, the Complaint identifies DOES 1-100 defendants as including parents and affiliates, *see* Compl. ¶¶ 23-24, which would include Resident Home LLC.

9. Resident Home LLC is a United States Corporation incorporated in the state of Delaware and has its principal place of business in Indiana. Testani Decl., ¶ 4. Resident Home is not incorporated in California. *Id.*, ¶ 5. Nor is Resident Home's principal place of business in California. *Id.* Thus, Resident Home is not a citizen of California. *See id.* Instead, Resident Home is a citizen of both Delaware and Indiana. *See* 28 U.S.C. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

10. Accordingly, even though Nectar Brand is a United States Corporation incorporated in the state of Delaware and listed as having its principal place of business in California, as explained above, Resident Home is a citizen of Delaware and Indiana. Thus, minimal diversity is met.

11. Next, the amount in controversy requirement is also satisfied. Plaintiff's Complaint seeks a sum in excess of $5,000,000.00, as Plaintiff appears to seek, among other things, to recover disgorgement, restitution, and monetary damages. By seeking disgorgement, Plaintiff places the revenue from sales of Nectar Sleep products at issue. Resident Home has earned more than $5,000,000.00 in revenue from Nectarsleep sales to California purchasers in the last 4 years. Testani Decl., ¶ 6.

12. Nectar Brand filed this Notice of Removal within thirty (30) days from the date it was first served with the Complaint. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

13. Nectar Brand attaches a copy of Plaintiff's Complaint as **Exhibit A**.

14. Copies of the summons, process, and all other pleadings in the Santa Clara Superior action are attached as **Exhibit B**.

15. Nectar Brand has given written notice of the filing of this Notice of Removal to Plaintiff. Nectar Brand intends to file a written notice with the Clerk of the Superior Court of Santa Clara County. A copy of said Notice is attached as **Exhibit C**.

## CONCLUSION

**WHEREFORE**, Defendant, Nectar Brand LLC, prays that this case be removed to the United States District Court for the Northern District of California, San Jose Division.

Dated:   Janaury 3, 2024					FENWICK & WEST LLP


							By:  *s/ Tyler G. Newby*
							       Tyler G. Newby

							       Attorneys for Defendant
							       Nectar Brand LLC